————o————

STATE OF DELAWARE for use of SMITH, KLINE AND FRENCH COMPANY, a corporation created by and existing under the laws of the State of Pennsylvania, *vs.* THE UNITED STATES FIDELITY AND GUARANTEE COMPANY, a corporation created by and existing under the laws of the State of Maryland.

*Statute—Partnership—Deceased Person's Interest in Co-partnership —Bond Prescribed by the Statute ; Designed for the Benefit of Persons Having such Interest ; Not for Benefit of Partnership Creditors—Nonsuit.*

1. The Act of May 2, 1903, entitled "An Act in Relation to a Deceased Person's Interest in Firms and Co-Partnerships," being *Chapter 774, Vol. 19, Laws of Delaware (Rev. Code, 685),* was designed to secure the ascertainment and payment, after the due and final settlement of the partnership indebtedness and affairs, of the individual share, if any, of a deceased partner in the partnership assets, to any person having an interest in the estate of such deceased partner as heir, devisee or otherwise.

2. The bond prescribed in *Section 1.* of said Act was intended to be specifically and exclusively for the benefit of any person having such interest in such individual share of deceased partners, and not for the benefit of partnership creditors.

(*November 6, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*George M. Jones* for plaintiff.

*Richard R. Kenney, Arley B. Magee* and *Henry Ridgely, Jr.,* for defendant.

Superior Court, Kent County, October Term, 1903.

SUMMONS IN DEBT.

Plaintiff proved the amount of its claim against the firm of Wilkinson & Co. for drugs, etc., furnished said company to be $350; also that Howard M. Wilkinson, the surviving partner, proceeding under *19 Laws of Delaware, Chap. 774,* had had appraisers appointed, whose report showed the net assets of the firm to be $3481.50. That Howard M. Wilkinson gave bond with the defendant for $7,000, conditioned for the settlement of the debts of the company and the winding up of its affairs. Plaintiff further proved that said surviving partner had never made any return of the closing up of the affairs of the company to the Court of Chancery, as required by said above mentioned act, and had never paid said claim of $350. Suit was therefore brought by plaintiff upon the surety bond entered into by said surviving partner with the defendant company.

At the conclusion of plaintiff's testimony defendant's counsel moved for a nonsuit, the ground for which is stated in the opinion of the Court.

GRUBB, J.:—In this case the defendant has moved for a nonsuit on the ground that the plaintiff's evidence discloses that it is brought against the surety company on a bond given under Section

1 of the Act entitled "An Act in Relation to a Deceased Person's Interest in Firms and Co-partnerships," passed May 2, 1903, being *Chap. 774, Vol. 19, Laws of Delaware (Rev. Code, 685).*

After a careful examination and consideration of the various provisions of said act, we have reached the conclusion that their design and purpose was solely to secure the ascertainment and the payment, after the due and final settlement of the partnership indebtedness and affairs, of the individual share, if any, of a deceased partner in the partnership assets, to any person having an interest in the estate of such deceased partner as heir, devisee or otherwise.

In our judgment, the bond prescribed in *Section 1* of said act was intended to be especially and exclusively for the benefit of any person having such interest in such individual share of deceased partners, and not for the benefit of partnership creditors ; and consequently that such creditors cannot, within the intent and meaning of the act, lawfully sue upon such bond.

Partnership creditors may resort, for the preservation of their interests and the enforcement of their rights, to such remedies and proceedings as they may be entitled to outside of the said act now in question.    And on this ground the motion for a nonsuit is therefore granted.

LORE, C. J.:—I am not prepared to go to the extent that a creditor has no remedy upon bonds of this character ; but I do agree that the motion for a nonsuit should be granted, on the ground that the plaintiff has entirely failed to show that there were assets in the hands of the surviving partner at the time applicable to the debt.    Therefore, there has been no breach of the condition of the bond shown.

*Mr. Jones:*—We refuse to take a nonsuit.

GRUBB, J.:—Gentlemen of the jury, the Court instruct you to render a verdict in this case in favor of the defendant.

Verdict for defendant.